JOHN SALVUCCI vs. GOLD SEAL RUBBER COMPANY
& another.

Suffolk.    October 5, 1961. — November 2, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Civil, New trial.*

A judge of the Municipal Court of the City of Boston, by indorsing
"Granted" on a motion by the plaintiff in an action for a "new trial"
grounded on the stated reasons that damages awarded the plaintiff were
inadequate and that a "miscarriage of justice" would result "if a new
trial were not granted . . . on the question of inadequacy of damages,"
treated the motion as general and ordered a new trial of the whole case,
not merely the issue of damages; such order was not invalid by reason
of the second paragraph of Rule 29 of the Rules of the Municipal Court
of the City of Boston for Civil Actions (1952) and was otherwise within
the power of the judge.

TORT.    Writ in the Municipal Court of the City of Boston
dated January 15, 1960.

After a finding for the plaintiff, a motion for a new trial
was granted by *Adlow*, C.J.    The plaintiff subsequently
was nonsuited by order of *Gillen*, J.

*Irving I. Medoff*, for the plaintiff.

*Thomas F. Daley, Jr.*, for the defendants.

WILKINS, C.J.    The plaintiff, a pedestrian, brought this
action of tort for personal injuries received when struck by
an automobile on a public way in Boston on November 24,
1959.    There are two counts, one against the operator and
one against the owner.    After hearing, a judge of the
Municipal Court of the City of Boston found for the plain-
tiff in the sum of $200.    The plaintiff filed a motion that
"the new trial may be granted for the following reasons;
1.    That the finding of the Court for the plaintiff in the
sum of . . . $200 damages are [sic] totally inadequate.
2.    That there would be a miscarriage of justice if a new
trial were not granted to the plaintiff on the question of in-
adequacy of damages."    After hearing, the trial judge in-

dorsed upon the document which was entitled ''Motion for New Trial'' the following, ''6/16/60 — Granted.''

On a later date, when the case came on for trial before another judge, the plaintiff's counsel stated that he was ready to proceed on the issue of damages only. On the defendant's oral motion the judge ordered a nonsuit, and made the following entry: ''Court orders the plaintiff to proceed for trial on the entire case — liability as well as damages. Plaintiff refuses to go forward with trial except as to the question of damages. The defendant requests that the plaintiff be non-suited. The Court grants defendant's request. Plaintiff orally claims report to the Appellate Division.'' The Appellate Division dismissed a report, and the plaintiff appealed.

The motion expressly asked for a new trial, although the grounds it gave were tied to the amount of damages. A motion limited to the granting of a new trial on the issue of damages only would not be proper. *Simmons* v. *Fish,* 210 Mass. 563, 572–573. The judge in a single word ''Granted'' the motion. In so doing he treated it as a general motion. He did not restrict the new trial to the issue of damages. Express language in the judge's order would have been necessary to effect that result. See *Simmons* v. *Fish,* 210 Mass. 563, 567–568. ''It is only in exceptional and extremely rare instances that the inadequacy of damages will not be so interwoven with liability that justice can be done without a new trial upon the whole case.'' *Id.* 570. Nor was he, sitting without jury, limited, in setting aside his own finding, to the grounds stated in the motion. He could properly have granted a new trial if believed by him to be in the interests of justice. See *Mealey* v. *Super Curline Hair Wave Corp.* 342 Mass. 303, 305–306. There is no indication that the judge granted the new trial for causes affecting a part only of the matter in controversy. Nothing in the second paragraph of Rule 29 of the Rules of the Municipal Court of the City of Boston for Civil Actions (1952)[1] renders the judge's order, which granted a new

---

[1] ''A new trial granted for causes affecting a part only of the matter in controversy, or some or one only of the parties, shall, if the matter be separable, be limited to the part or party so affected . . . .''

trial upon the whole case, invalid as matter of law. We also feel impelled to state that in enacting this rule, which in no way changed the underlying principles applicable to the granting of new trials, the court was not imposing a voluntary restriction upon any of its powers.

*Order dismissing report affirmed.*