*Southern District*

**RICHARD J. BURNS, ET AL**

v.

**FRANK SAWYER, D/B/A**

*Present*: Nash, C.J., Cox & Murphy, J.J.

Argued: —— 1966. Decided: —— 1966.

Case tried to *Colten, J.* in the Municipal Court of Brookline No. 21-1965.

*Cox, J.* This case was before this division on report which was argued and heard at a sitting at Quincy on November 23, 1965. It related to the denial of the plaintiffs' motion for a new trial on the sole ground that the amount awarded for damage to their motor vehicle was inadequate. Nothing more than the amount of $90.70 awarded by the justice was reported with reference to damages.

In our written opinion we held that "As the record does not fairly present the question of which review is sought, the report is to be remanded to the trial justice for amendment of the report and, as amended, returned to this appellate division." An order to that

effect dated February 2, 1966 was entered on February 5, 1966.

The justice filed an amended report, now before us, which, as it relates to damages is as follows: "The defendant had an appraiser who worked for Stewart Brothers Company of Cambridge who testified that he had examined the transmission and that the gears had been chewed up from excessive wear. This witness testified that to repair the transmission the cost would amount to $83.71 and to replace the hood hinge, $6.95 for a total repair cost of $90.66." The foregoing is a summary of the defendant's testimony and merely tends to substantiate the finding. We are still without a summary of the evidence presented by the plaintiff at the trial and therefore remain in the same position with reference to the question of damages as we were at the outset.

Accordingly, we are constrained to hold that the amended report is not a compliance with our order of February 2, 1966, entered on February 5, 1966, and that such non-compliance is prejudicial error. There should be a new trial on the question of damages only. G.L. c. 231, §108. *An order to that effect should be entered.*

Herbert Lord of Boston for the Plaintiff.