RICHARD W. FRANK & others *vs.* LOUIS W. VISOCKAS & another.

Worcester. April 10, 1969. — June 20, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Real Property,* Equitable restrictions. *Frauds, Statute of.*

Purchasers of sundry lots out of a large tract of land by deeds imposing substantially identical restrictions on each of such lots were barred by the statute of frauds from enforcing oral promises of the vendor to subject the remainder of the tract to the same restrictions. [228–229]

The defendant in a suit in equity, although he did not plead the statute of frauds, was entitled to rely on it to preclude enforcement of certain oral promises relating to land which appeared at the hearing of the suit to have been made by him where the bill contained no allegation of such promises and there was no occasion for him to plead the statute. [229]

BILL IN EQUITY filed in the Superior Court on May 26, 1967.

The suit was heard by *Meagher,* J., on a master's report.

*Allan van Gestel* (*Molly G. Teicholz* with him) for the plaintiffs.

*Morris N. Gould* (*Thomas F. McEvilly* with him) for the defendants.

SPALDING, J. In this bill in equity the plaintiffs, who purchased their respective parcels of land with certain restrictions from the defendants, seek to impose these restrictions upon the defendants' remaining land. A master, to whom the case was referred, filed a report and, at the plaintiffs' request, a summary of certain evidence. An interlocutory decree was entered confirming the report. Thereafter a final decree was entered dismissing the bill, from which the plaintiffs appealed.

We summarize the pertinent facts as follows: On December 2, 1958, the defendants owned a tract of land consisting of about ninety-eight acres in the towns of Bolton and Harvard. From that date to October 31, 1966, the defendants sold five parcels of land, totaling about twelve acres, to the plaintiffs. The defendants made no other conveyances of any land in the tract. In each of the deeds they imposed the same restrictions, with the exception of one minor variation, on the grantees' use of the premises.[1] These deeds did not impose any restrictions on the defendants' remaining land. Each parcel sold was plotted on a separate plan recorded with the deed thereto, and no subdivision plan of the area was filed in the registry of deeds. One of the plaintiffs, however, "was shown a copy of a plan having five lots laid out on . . . [the defendants'] premises."

It appears that the defendants orally assured each of the plaintiffs that all lots of land subsequently sold would be subject to the same restrictions imposed in the plaintiffs' deeds and that the defendants would assiduously protect the tract's rural and residential characteristics. The defendants, however, now plan to establish a recreational area on their remaining land, a use which apparently would be prohibited by the restrictions imposed on the plaintiffs' land.

The sole issue, as the plaintiffs state, is whether the statute of frauds, although not pleaded, precludes the plaintiffs, the grantees of restricted land, from enforcing the defendants' oral promises to impose the same restrictions on the land retained by them. The judge ruled that the statute was a bar to the relief sought by the plaintiffs. We agree. "[I]t was settled in this Commonwealth by *Sprague* v. *Kimball*, 213 Mass. 380, that the statute of frauds prevents

---

[1] These restrictions were: "1. No trailers, tents, shacks, or temporary buildings for human habitation may be placed on said land; 2. Not more than one dwelling house for human habitation shall be erected on the granted premises; 3. No building shall be located nearer than thirty (30) feet of the front and rear lines and twenty (20) feet of the sidelines of the granted premises; 4. The granted premises shall not be subdivided or reduced in size; 5. Once the construction of a dwelling house is commenced, the exterior shall be completed, including painting and landscaping within two (2) years from the date of starting construction."

the enforcement against the vendor . . . of any implied or oral agreement that the vendor's remaining land shall be bound by restrictions similar to those imposed upon lots conveyed. Only where . . . the vendor binds his remaining land by writing, can reciprocity of restriction between the vendor and the vendee be enforced." *Snow* v. *Van Dam*, 291 Mass. 477, 482. *Belmont* v. *Massachusetts Amusement Corp.* 333 Mass. 565, 572. G. L. c. 259, § 1, Fourth. See Restatement: Property, § 522 (1). But see § 524 c, Illustration 1, of the Restatement. Here there was no evidence in writing, either in a plan or in the deeds, that the restrictions were to apply to the defendants' remaining land.

The statute of frauds was not pleaded by the defendants. Accordingly the plaintiffs contend that the defence is not available to the defendants. It is true that ordinarily the statute of frauds cannot be relied on unless pleaded. *Middlesex Co.* v. *Osgood*, 4 Gray, 447. *Stoneham Five Cents Sav. Bank* v. *Johnson*, 295 Mass. 390, 393. *Young* v. *Paquette*, 341 Mass. 67, 76. G. L. c. 231, § 28. But it has been held that if the bill does not contain allegations plainly showing a situation where the statute might apply there is no occasion to plead it and the defendant may have the benefit of it, even though not pleaded. *Tourtillotte* v. *Tourtillotte*, 205 Mass. 547, 551. See *Lawson* v. *States Constr. Co.* 193 Va. 513, 521. That is the case here. Neither the plaintiffs' original bill nor their amended bill alleged that the defendants made any agreement (oral or otherwise) relating to the restrictions. In these circumstances the statute was available to the defendants.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*of appeal.*