WILLARD D. KUHLMANN *vs.* HY-CREST RANCHES, INC.

Worcester.    January 12, 1976. — August 27, 1976.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Pleading, Civil,* Amendment.  *Frauds, Statute of.  Contract,* Of em-
    ployment.  *Damages,* Mitigation of damages.  *Practice, Civil,* New
    trial.

In an action on a one-year oral contract of employment, the defendant
    was not entitled to an instruction based upon the defense of the
    Statute of Frauds since it was not pleaded; nor did the plaintiff's
    testimony as to the circumstances surrounding the formation of the
    contract constitute a waiver of the requirement that the statute be
    pleaded.  [543-546]
In an action by an employee against his employer for breach of an
    employment contract, a new trial was not required on the ground
    that the verdict in favor of the plaintiff was against the weight of
    the evidence on the issue of the plaintiff's failure to mitigate dam-
    ages, where the defendant failed to show what the plaintiff could
    have earned in other similar work.  [546-547]

CONTRACT.    Writ in the Superior Court dated October
8, 1970.

The action was tried before *Mitchell,* J.

The case was submitted on briefs.

*Stephen E. Shamban* for the defendant.

*John J. O'Connell* for the plaintiff.

GOODMAN, J.   The plaintiff was hired by the defendant on January 15, 1970, to superintend its cattle breeding operations. The contract was oral and for one year. On September 25, 1970, the plaintiff was discharged, and he brought suit on the contract in the Superior Court in October of 1970. The defendant filed an answer and a demurrer, which was overruled; and the plaintiff filed interrogatories, which were answered on February 16, 1971. Thereafter on May 6, 1971, the case was transferred to a District Court pursuant to G. L. c. 231, § 102C, and, after a finding for the defendant,[1] was retransferred on February 13, 1973, to the Superior Court. Subsequently, on May 11, 1973, the defendant filed a motion to amend its answer to raise the defense of the Statute of Frauds in that the "agreement . . . was not to be performed within one year of the making thereof and was oral" G. L. c. 259, § 1, Fifth. The motion was referred to the trial judge and was denied after the evidence was closed. No exception was taken. The defendant then requested an instruction based on the Statute of Frauds, which was denied, and the defendant took an exception. The jury returned a verdict for the plaintiff. The defendant also filed a motion for a new trial, which was denied upon the plaintiff's remittitur. The defendant excepted to the denial of his motion.

1. The defendant was not entitled to an instruction based on the defense of the Statute of Frauds, for it had not been pleaded, *McDonald* v. *Fitch,* 281 Mass. 528, 531-532 (1933); *Stoneham Five Cents Sav. Bank* v. *Johnson,* 295 Mass. 390, 393 (1936), and its motion to amend its answer raising that defense had been denied. Nor can the defendant now attack the denial of its motion since it took no exception to it. (The case was tried in February, 1974, prior to the effective date of the Massachusetts Rules of Civil Procedure, *Bartevian* v. *Cullen,* 369 Mass. 819, 820-821, n. 1 [1976].) Further, under the old practice in an ac-

---

[1] From the docket it appears that a motion to amend the defendant's answer was allowed in the District Court. We do not know the subject matter of the amendment.

tion at law the denial of a motion to amend was not review-able except for an error of law or an abuse of discretion tantamount to an error of law. *Pombo* v. *Marr Equipment Corp.* 1 Mass. App. Ct. 824 (1973). The action of the trial judge would not be revised unless it showed a failure to perform an "imperative legal duty." *McDonough* v. *Horan*, 333 Mass. 319, 322 (1955), and cases cited. That is not the case here. Contrast the more liberal review which prevailed in equity. See *Jacoby* v. *Babcock Artificial Kidney Center, Inc.* 364 Mass. 561, 565 (1974).

The defendant, relying on *Owens* v. *Dinkins*, 345 Mass. 106, 108 (1962), argues that the plaintiff has waived the requirement that the Statute of Frauds be pleaded by fail-ing to object to evidence relevant to that defense. This re-liance is misplaced. The evidence to which the defendant points is the plaintiff's testimony as to the circumstances of the formation of the contract. The plaintiff testified that at the beginning of January he came to Massachu-setts from his home in Nebraska at the defendant's invi-tation and expense to discuss taking a position as the defendant's cattle superintendent. He and officials of the company (including one Rippenger, to whom he would be responsible) discussed the terms, including the salary and the duration of the contract; the plaintiff advised them that he wanted a year's contract. After spending the day he went back to Nebraska; he told Rippenger that he would have to discuss the matter with his family and would call him back. He did so on January 15, 1970. They again went over the terms, and the plaintiff insisted on a one-year, rather than a two-year, contract. Rippenger then said, "Fine. You're hired." They also discussed a particular bull that was available, and Rippenger told the plaintiff to buy it for the defendant. Rippenger also told the plaintiff to buy for the company any other bulls which were priced right.

The defendant's cross-examination attempted to de-velop inconsistencies in the plaintiff's testimony and to show that the contract was to run from February 15, 1970 (in which case it could not be performed within one year),

rather than from its inception on January 15, 1970 (in which case the year's contract could be performed within one year). See *Nickerson* v. *President & Fellows of Harvard College,* 298 Mass. 484 (1937); *Beaver* v. *Raytheon Mfg. Co.* 299 Mass. 218 (1938); *Bogash* v. *Studios, Inc.* 303 Mass. 207 (1939). The duration of the contract was obviously relevant inter alia to the plaintiff's claim for damages; and his failure to object to such legitimate cross-examination as to when his duties began does not indicate a waiver of what the defendant's brief (paraphrasing *Owens* v. *Dinkins,* 345 Mass. at 108) characterizes as "his [the plaintiff's] right to insist on failure to plead the Statute of Frauds as an affirmative defense." We see nothing to indicate an acquiescence in the defendant's motion to amend, which the trial judge was holding in abeyance "[e]vidently ... intend[ing] first to ascertain whether the case would turn out to be one in which justice required the amendment." *Desmond* v. *Boston Elev. Ry.* 319 Mass. 13, 16 (1946). See *Urban* v. *Central Mass. Elec. Co.* 301 Mass. 519, 521, 524 (1938).

As it turned out it is clear that justice did not require the allowance of the amendment, and its denial was well within the judge's discretion. From the record it appears, and the defendant's brief admits, that "[t]here is no question but that a contract was formed on or about January 15, 1970." Thus the basic purpose of the Statute of Frauds, to prevent the fabrication of certain classes of obligations, had been realized. Also, the plaintiff's testimony that his duties under the contract began immediately is virtually undisputed.[2] It seems of some significance that we are not given any contrary testimony by Rippenger with whom the contract was made and who would have been in a position to contradict the plaintiff. (We do not know whether he was called as a witness.) Even if the answer had raised the Statute of Frauds, it is questionable whether

---

[2] We do not believe the defendant's cross-examination developed any serious inconsistency. Nor is it material that the plaintiff was not paid until the middle of March, and then only for two weeks.

enough evidence was developed to warrant an instruction on that defense.

Further, the motion to amend was made about two and one-half years after the action was commenced, after the plaintiff had filed and received answers to interrogatories, and after a trial in the District Court. The failure to move to amend in this regard (though an amendment had been sought and allowed on other grounds) in the District Court derogates from the policy of G. L. c. 231, § 102C, that cases be fully tried in a District Court before retransfer to the Superior Court. See *Desmond* v. *Boston Elev. Ry.* 319 Mass. at 16.[3]

2. The defendant asks us to permit the amendment of its answer under G. L. c. 231, § 125 (as most recently amended by St. 1973, c. 1114 § 204), which provides that "[u]pon appeal in a civil action the appeals court . . . shall have all the powers of amendment of the court below . . .." See *Pridgen* v. *Boston Housing Authy.* 364 Mass. 696, 717 (1974). Consistent with the views expressed in part 1, we see no occasion for the exercise of our discretion to permit such an amendment.

3. We are not persuaded by the defendant's contention that the trial judge abused his discretion in denying the defendant's motion for a new trial, which was apparently made on the ground that the verdict was against the weight of the evidence on the issue of the plaintiff's failure to mitigate damages. On this issue the burden of proof was on the defendant to show that the plaintiff's recovery of his salary should be decreased by "what he did in fact earn following his discharge or in the exercise of proper diligence might have earned in another employment." *McKenna* v. *Commissioner of Mental Health,* 347 Mass. 674,

---

[3] In his reply brief the plaintiff cites *Frank* v. *Visockas,* 356 Mass. 227, 229 (1969), for the proposition that "if the bill does not contain allegations plainly showing a situation where the statute might apply" the defendant need not plead it. This was obviously an afterthought; the declaration was not even made a part of the record appendix, and the defendant makes no attempt to analyze it or the *Frank* case, which has a limited application.

677 (1964). In this case, as in the *McKenna* case, the defendant failed to show what the plaintiff could have earned in other similar work. On the record before us we cannot say that the defendant has demonstrated (and indeed the contrary is clear) that the verdict was "so greatly against the weight of the evidence as to induce . . . the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice." *Bartley* v. *Phillips*, 317 Mass. 35, 41 (1944), quoting from *Scannell* v. *Boston Elev. Ry.* 208 Mass. 513, 514 (1911). We see no abuse of discretion in the denial of the motion.

Judgment is to be entered in accordance with the verdict.

*So ordered.*