GEORGE W. DAMON, JR. *vs.* JEANETTE L. DAMON. May 14, 1980. On August 13, 1968, the plaintiff and his sister executed a deed conveying to the defendant (who at that time was the plaintiff's wife) a parcel which they had inherited from their father and which they held in equal, un-

divided shares. The plaintiff's sister was paid $25,000 for her share. The plaintiff contributed $5000; the remaining $20,000 was borrowed from a bank, which took a mortgage of the property. The plaintiff and the defendant jointly signed the mortgage note, and the defendant has since that time made some, if not all, payments thereon. The probate judge ruled that the defendant owns a half interest beneficially and holds the other half interest on a resulting trust for the plaintiff. That ruling was apparently predicated on the finding of a jury (jury issues were framed and tried in the Superior Court) that it was "intended" that the plaintiff was to take a fixed beneficial interest in half the parcel on the date of the conveyance described. The question put to the jury left it unclear whose intention was referred to; but, if that ambiguity is resolved in the plaintiff's favor, it shows at most an express trust unenforceable by reason of the Statute of Frauds, G. L. c. 203, § 1. *Fitzgerald* v. *Fitzgerald,* 168 Mass. 488, 491-492 (1897). *Keown* v. *Keown,* 230 Mass. 313, 315 (1918). *Saulnier* v. *Saulnier,* 328 Mass. 238, 239 (1952). *Ross* v. *Ross,* 2 Mass. App. Ct. 502, 510 (1974), cert. denied, 420 U.S. 947 (1975). Although the defendant did not plead the Statute of Frauds in her answer (see Mass. R.Civ.P. 8[c], 365 Mass. 750 [1974]; *Abalan* v. *Abalan,* 329 Mass. 182, 183 [1952]; *Young* v. *Paquette,* 341 Mass. 67, 76 [1960]; *Hutchinson* v. *Hutchinson,* 6 Mass. App. Ct. 705, 712 [1978]), there was no occasion to plead it because the complaint did not allege an express trust or any contract or promise by the defendant. Compare *Tourtillotte* v. *Tourtillotte,* 205 Mass. 547, 551-552 (1910); *Frank* v. *Visockas,* 356 Mass. 227, 229 (1969). The case was pleaded and tried on a theory of resulting trust — a theory which the plaintiff, despite the ruling in his favor thereon in the Probate Court, has correctly abandoned in this court in view of the findings concerning the defendant's contribution to the purchase price. See *McPherson* v. *McPherson,* 337 Mass. 611, 614 (1958). The record before us supports the defendant's assertion that the plaintiff's claim to be entitled to the relief he seeks on a theory of express oral trust is advanced for the first time in this court. See *Royal Indemnity Co.* v. *Blakely,* 372 Mass. 86, 87-88 (1977). We need not determine whether the evidence would have supported a finding of an express trust. The judgment is reversed, and a new judgment is to enter for the defendant.

*So ordered.*

*Roger J. Brunelle* for the defendant.
*Edward F. O'Brien, Jr.,* for the plaintiff.