Welsh, P.J.
This is an action upon an account annexed, wherein the plaintiff claims the defendant owes him the sum of $5,268.76 for insurance premiums.
The defendant in his answer denied that he owed the plaintiff the stated sum, and further stated that the plaintiff had intentionally over-charged the defendant by manipulating figures on statements supplied to the defendant and had added insurance that the defendant never had contracted for.
The trial judge found for the plaintiff in the sum of $1500.00.
■ At the conclusion of the trial, the plaintiff filed requests for rulings of law, which were acted upon by the trial justice. The plaintiff also filed a motion for new trial, claiming that the damages awarded were inadequate as a matter of law, and further that he had by way of newly discovered evidence a witness who would refute the defendant’s version of the facts. The motion for new trial was denied.
At the trial, there was evidence tending to show the following: From 1974 to 1979, the plaintiff provided insurance coverage for the defendant’s vehicles. Because of a long standing personal relationship, the terms of credit were lenient, it being the understanding between the parties that the defendant would pay for the coverage during the year. During the time in question, various changes in coverage were made, due to vehicles being taken off the policies, and other changes. Credits were given from time to time.
When a dispute arose as to the amount due, the defendant testified that he took the matter up with one Geraldine Silva who was then employed as a bookkeeper-clerk in the office of the plaintiff. He stated that he brought to her attention various payments he had made to the plaintiff and for which credit had not been given. He left the office with the expectation of receiving credit on the next statement for such payments. The next statement came and reflected the credits he said had not been given previously, but the balance to which the credits were applied was increased so that the net amount due was unchanged. Geraldine Silva, with whom the defendant allegedly had the conversation, did not testify at trial. However, in an affidavit filed by the plaintiff in support of his motion for a new trial, Geraldine Silva denied ever having had such a conversation with the defendant. There was no indication *94 as to whether or not Silva was unavailable at the time of trial or that her identity as a possible witness could not, with the exercise of reasonable diligence, have been known to the parties at the time of trial.
The defendant did not offer into evidence any cancelled checks or other evidence of payment.
The court did not specifically find any fraud or wrongdoing on the part of the plaintiff. Acknowledging having difficulties reconciling the differences between these two one-time friends, the court awarded the plaintiff $1,500.00.
The report raises essentially two questions: (1) Was the finding for the plaintiff in the sum of $1,500.00 inadequate as a matter of law so as to entitle him to a new trial on the question of damages? (2) Did the trial judge abuse his discretion in not granting a new trial on the grounds of newly discovered evidence?
We answer the both questions in the negative.
1. The plaintiff contends, in effect, that under the theory of the pleadings upon which this case was tried, the trial judge was restricted to an “all-or-nothing” theory in this case. We reject this contention. In support of the argument he advances, plaintiff alludes to the fact that the judge was unpersuaded as to the allegations of fraud or wrongdoing advanced in the answer; and that this effectively removed from the consideration of the court as a finder of fact any issue as to the amount due. The defendant in his answer denied that the sum stated in the account annexed was due the plaintiff and then sets up as affirmative matters alleged deliberate overcharging by manipulation of figures. We construe the denial of liability as putting the plaintiff on notice to be prepared to present a prima facie case. The burden of persuasion remained with the plaintiff even though the defendant was unsuccessful in convincing the court as to the affirmative matters set up in the answer (i.e. intentionally overcharging or otherwise guilty of improper manipulation of the statements of charges). As trier of the facts, the court was at liberty to believe some, all or none of the evidence, and was not bound to credit uncontradicted testimony. Lenn v. Riche, 331 Mass. 104, 111 (1954).
No request for ruling was presented to the trial judge on the issue of damages. Had one been presented, it would not advance the plaintiffs position because the judge was not required to award the full amount claimed. See Kingsley v. Delano, 169 Mass. 285, 287 (1897). The classical statement of the test for granting a new trial on the grounds of excessive or inadequate damages is found in Bartley v. Phillips, 317 Mass. 35 (1944): Viz. Where the damages awarded are so great or so small that it may reasonably be presumed that the trier of fact in assessing them, did not exercise a sound discretion based upon a careful consideration of evidence, but was the product of bias, misapprehension or prejudice. Id. at 41. No such abuse of discretion is apparent here. In the absence of a request for ruling specifically keyed to the computation and assessment of damages, no error of law is shown simply because the method of computation of the amount finally awarded is unclear in the record on appeal. An award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the trial court amounting to an error of law. Id. at 43. We find no abuse of discretion here.
2. There was no error in the denial of the motion for new trial on the basis of newly discovered evidence. The affidavit filed with the motion indicates that Geraldine Silva would merely impeach the defendant’s version of the conversation by denying that such a conversation ever took place. See Hopcraft v. Kittredge, 162 Mass. 1, 13 (1894). There was no showing that the affiant was unavailable as a witness at trial, or that her identity and whereabouts could not have been with due diligence ascertained by the plaintiff at the time of *95 trial. Nor does the report or docket entries reflect any attempt to obtain a continuance for the purpose of obtaining her testimony. Although perhaps not essential for a prima facie case, the plaintiff clearly was on notice from the answer filed that the propriety of plaintiffs bookkeeping practices were called into question. The judge was not required under these circumstances to grant a new trial, and there was no abuse of discretion in denying the motion for new trial. DeLuca v. Boston Elevated Railway, 312 Mass. 495, 497 (1942). A motion for new trial cannot properly be used to raise issues that could have been raised at trial. Joseph Freedman Co. v. North Penn Transfer, Inc., 388 Mass. 551, 556 (1983). Consequently, no error is shown in the denial of the motion for new trial.
There being no error prejudicial to the rights of the plaintiff-appellant, the report is ordered to be dismissed.

So ordered.