Shubow J.
The plaintiff,[2] injured while shopping on the premises of the defendant as a result of being struck by a hamper falling from a shelf, challenged the denial of her motion for a new trial based solely on her claim that the damages awarded were inadequate. The report does not disclose any request for a ruling addressed to the issue of damages. The plaintiffs brief contains not a single citation, makes no contention that the judge abused his discretion in any way, but is merely an argument for higher damages of the kind addressed to a fact-finder contending that a higher sum than the one awarded “would be fair and just under all of the circumstances.”
Traditionally, a finding as to the extent of a party’s damages is deemed a factual determination and is not reviewable on appeal. ‘The defendant filed no requests for rulings on his motion for a new trial and therefore the case is not subject to review on a report from the District Court. This Division can only consider the question of discretionary action of a trial judge when it is so clear that discretion was superseded by an imperative legal duty. Bartley v. Phillips, 317 Mass. 35, 43, 44." Haller v. E. A. Spry and Co., 45 Mass. App. Dec. 23, 35-36 (1970). See also Mills v. Stop & Shop, Inc., 48 Mass. App. Dec. 206, 211 (1972). Cf. Burns v. Sawyer, 35 Mass. App. Dec. 93, 93-94 (1966). The power of a judge to grant a new trial because of the inadequacy of the damages awarded is unquestionable. Simmons v. Fish, 210 Mass. 563, 565 (1912). Salvucci v. Gold Seal Rubber Co., 343 Mass. 120, 121 (1961). But denial of a request to do so is not reviewable absent a showing that the award was so extreme as to suggest it was the product of bias, misapprehension or prejudice. Murphy v. English, 1985 Mass. App. Div. 93, 94 (1985). The report discloses that at the *162 trial one doctor at least did not consider one of the two diagnoses made,[3] carpal tunnel syndrome, to have been caused by the incident occurring on the defendant’s premises.
No error of law having been, shown, the report is ordered dismissed.

 There is no claim for review of the finding for the defendant on the claim of the second plaintiff for damages for loss of consortium.

 Chronic neck pain was the other diagnosis.