Greco, J.
This is an action in contract to recover for damage to the plaintiff’s vehicle. After trial, judgment was entered for the plaintiff in the amount of SlO.OOO.OO.[1] The defendant thereafter filed this Dist./Mun. Cts. R. A. D. A., Rule 8A expedited appeal.
The Rule 8A “Summary of Undisputed Facts” indicates that the plaintiff brought his 1977 Chevrolet to the defendant for minor repairs and painting. Although the plaintiff paid for the work done, he was dissatisfied with the paint job. The defendant re-painted the car several times. At one point subsequent to the completion of *110 repairs but before the defendant re-painted the car for the last time, the plaintiff temporarily took possession of his vehicle. However, he remained dissatisfied with the paint job. He agreed that the defendant could arrange to have the car sandblasted by an entity known as “Mr. Clean” of Boston, and apparently returned the car to the defendant for that purpose.
Before the defendant delivered the plaintiffs car to Mr. Clean, the parties spoke with representatives from that company to determine if Mr. Clean was qualified to perform the sandblasting work. The defendant also sent a portion of the car to Mr. Clean for sandblasting to test the quality of its performance. That portion was returned to the defendant in satisfactory condition, and the defendant so notified the plaintiff and delivered the vehicle to Mr. Clean for complete sandblasting. Mr. Clean damaged the car. It is unclear from the record whether the defendant again painted the car after it was returned to the defendant by Mr. Clean in its damaged condition.
1. The defendant claims to be aggrieved on this appeal by the trial court’s denial of its requests for rulings of law numbers 1 through 4. Request number 1 sought a determination that the relationship between the plaintiff and defendant was that of bailor and bailee. Requests 2 through 4 set forth general propositions of law as to the duty of care and burden of proof imposed upon a bailee. The trial judge ruled that the requests 2 through 4 constituted correct statements of law, but denied the requests on the grounds that she found no bailment.
At first glance, it would appear that the denial of the defendant’s requests was error because, upon any view of the undisputed facts, a bailment existed in this case.
A bailment is established by ‘delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be.’
King v. Trustees of Boston Univ., 420 Mass. 52, 59 (1995), quoting from 9 S. WILLIS-TON, CONTRACTS, §1030 (3rd. ed. 19670. Where property is delivered for repairs, the party accepting delivery becomes a bailee for hire who owes the owner a duty to exercise “due care to prevent the property’s loss or destruction.” Knowles v. Gilchrist Co., 362 Mass. 642, 652 (1972). See also Rabinovitzch v. Sea Crest Cadillac-Pontiac, Inc., 368 Mass. 814, 815 (1975); Rourke v. Cadillac Auto. Co. of Boston, 268 Mass. 7, 8 (1929). As with any contract for repairs, the bailee is obligated under the bailment contract to utilize that degree of skill and care which would be employed by the ordinarily skillful workman in doing similar work so as to complete the repairs in a reasonable and proper manner. See generally, Bacon v. Federal Kemper Life Assur. Co., 400 Mass. 850, 857-858 (1987); Friese v. Boston Consol Gas Co., 324 Mass. 623, 628 (1949). The delegation of the performance of services on the bailed property by the bailee to a third party does not necessarily alter the relationship of the original parties. See Rourke v. Cadillac Auto. Co. of Boston, supra at 9. Compare Little, Brown & Co. v. American Paper Recycling Corp., 824 F. Supp. 11 (D. Mass. 1993).
2. While there is no question that a bailment arose upon the plaintiff’s original delivery of his car to the defendant for repairs and painting, the controversy in this case involves the obligations and liabilities of the defendant upon the plaintiff’s subsequent redelivery of his car after he was dissatisfied with the defendant’s work and after the parties discussed having the car sandblasted by Mr. Clean. The defendant’s position on this appeal is that the redelivery created a bailment for the limited purpose of the defendant’s transporting the plaintiff’s car to Mr. Clean. Thus the defendant’s bailment arguments are limited strictly to the redelivery of *111 the car, and ignore the original delivery and contract between the parties. Under the defendant’s view of the parties’ agreement, the plaintiff did not deliver his car for the defendant to remedy, by means of sandblasting, the painting work it had done improperly; the defendant contends that it merely agreed to transport the car to a third party with which the plaintiff himself had contracted to have the sandblasting work performed.
The defendanfs requests for rulings and the court’s denial of the same must be viewed in this context. By finding that no bailment existed, the trial judge essentially rejected the defendanfs narrow view of the events, and instead determined that the defendant was liable on the original contract between the parties for the repair and painting of the plaintiffs car. The subsequent or second bailment was thus immaterial as it had no independent or dispositive significance. It may be reasonably inferred that the trial court held the defendant responsible for its faulty work and for the results of the defendanfs efforts to remedy such defective work. Given the record before us, there is no basis to disturb the court’s findings of fact. See Starr v. Fordham, 420 Mass. 178, 186 (1995); W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 751 (1993).
3. The defendant also argues that assuming that liability was found, the plaintiff’s damages should have been limited to $2,300.00; i.e., the $1,800.00 the plaintiff paid to the defendant for the initial work, plus $500.00 allegedly paid to Mr. Clean for the sandblasting. First, the defendant gives no satisfactory explanation of why the plaintiff’s damages should be limited to these charges and should not include the cost of repairing or restoring the car to the condition it was in prior to the defective painting and sandblasting, see generally Guaranty-First Trust Co. v. Textron, Inc., 416 Mass. 332, 336 (1993), or the diminution in value of the vehicle. See Lyons v. Kinney System, Inc., 27 Mass. App. Ct. 386, 390-391 (1989).
Second, the defendant does not point to any section of the record which establishes that the court’s assessment of damages herein constituted an abuse of discretion amounting to an error of law. Bartley v. Phillips, 317 Mass. 35, 43 (1944); Gray v. Kieger, 27 Mass. App. Ct. 583, 589 (1989). The computation of damages is a factual determination which cannot be disturbed on appeal in the absence of a clear indication that the assessment was unsupported by the evidence introduced at trial, or was tainted by error of law. Kuhlman v. Hy-Crest Ranches, Inc., 4 Mass. App. Ct. 542, 547 (1976); Menezes v. F.W. Woolworth Co., 1989 Mass. App. Div. 161. The record in this case is devoid of any evidence relative to damages and thus pro-rides no basis for appellate consideration of the defendant’s arguments. The defendant failed to file a request for ruling of law that the evidence did not permit an award of damages in excess of $2,300.00. See Murphy’s Express, Inc. v. EBPJ, Inc., 1995 Mass. App. Div. 146, 148. The requests for rulings actually filed by the defendant set forth only general propositions of law as to damages, and there was no inconsistency between the court’s allowance of those requests and its award of $10,000.00 to the plaintiff. While we cannot ascertain how the court arrived at the figure of $10,000.00, we also cannot determine whether that award was or was not supported by the evidence. In preparing its Rule 8A Expedited Appeal, the defendant was obligated not only to present a “summary of the undisputed facts,” but also to include “so much of the evidence ... as may be necessary to decide the questions of law presented." The defendant failed to do so, and such failure precludes any review of the damages assessed in this case.
Accordingly, the trial court’s judgment is affirmed. The defendant’s appeal is dismissed.

 The complaint contained separate counts for “breach of contract and breach of express warranty,” “breach of implied warranty,” and “intentional breach of contract in violation of’ G.L.c. 93A. The trial court rejected the plaintiff’s G.L.C. 93A claim. It is unclear, however, on which of the first two counts judgment was entered.