Welch, J.
The plaintiff, Discover Bank (“Discover”), has appealed the trial court’s assessment of damages in its favor in the amount of $5,100.00. On its appeal, Discover asserts that the amount assessed by the trial court judge was an abuse of discretion. The defendant, Kathy A. Rinn (“Rinn”), has not filed any opposition.
Discovers complaint sought $12,832.18 in unpaid charges on Rinn’s credit card agreement. Rinn’s answer did not address the complaint allegations, but instead referenced three attachments from the “National Employee Benefits Group.”[1] Due to the absence of any denial of complaint claims, Discover moved for judgment on the pleadings and for a hearing to assess damages.
Motions for assessments of damages are a significant staple of District Court civil motion sessions, and generally fall into one of three groups, namely, those situations in which the debtor failed to respond to the complaint, admitted to liability but not damages, or made an admission of both liability and damages owed, but professed an inability to pay. A review of the testimony at the assessment hearing places this case in the second category of those where liability is not disputed, but damages are at issue.[2]
*114 The computation of damages is a factual determination that cannot be disturbed on appeal in the absence of a clear indication that the assessment was unsupported by the evidence introduced at trial, or was tainted by error of law. Cimino v. Perfection Autobody, Inc., 1998 Mass. App. Div. 109, 111, citing Kuhlmann v. Hy-Crest Ranches, Inc., 4 Mass. App. Ct. 542, 547 (1976), and Menezes v. F.W. Woolworth Co., 1989 Mass. App. Div. 161. To conclude that a judge has committed an abuse of discretion, the reviewing court must determine that ‘“no conscientious judge, acting intelligently, could honestly’ have made” the ruling that is being appealed. Maloney v. Maloney, 2004 Mass. App. Div. 189, quoting Mazzaoleni v. Cotton, 33 Mass. App. Ct. 147, 153 (1992). See Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 424-425 (2005) (amount of damages awarded reviewed under abuse of discretion standard). The issue is whether the judge’s decision “restjed] on whimsy, caprice, or arbitrary or idiosyncratic notions.” Massachusetts Ass'n of Minority Law Enforcement Officers v. Abban, 434 Mass. 256, 266 (2001), quoting Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 642 (1986). In the present circumstances, Discover argues that a hearing was held that consisted of a settlement discussion and that the trial judge’s decision was a forced settlement by way of a judgment on an assessment of damages.[3] Although trial judges may be tempted to impose their will to settle a case, when settlement fails, any subsequent hearing cam not include any evidence regarding settlement discussions. See Mass. G. Evid. §408 (2012), adopted in principle in Morea v. Cosco, Inc., 422 Mass. 601, 603-604 (1996).
*115 A review of the hearing transcript shows that the judge assessed damages based upon impermissible criteria. The basis for the award of $5,100.00 in damages to Discover was the settlement discussions; no other adequate foundation for the damages award was presented. As the damages were assessed without any factual basis, the matter must be returned to the trial court. The award of damages of $5,100.00 to Discover is vacated, and the case is returned to the trial court for a new hearing for the assessment of damages.
So ordered.

 The attachments included a “to whom it may concern” letter from the National Employee Benefits Group (“NEBG”) providing notice to the creditor of their engagement for purposes of resolving all of Rinn’s outstanding debts. Also attached was a limited power of attorney between NEBG and Kathy Rinn and William Rinn, and a “Notice to Cease Verbal Communication.” As Rinn failed to deny the complaint allegations and, in lieu thereof, incorporated these documents into and as her answer, Discovers allegations were deemed admitted and its motion for judgment on the pleadings was allowed on April 20, 2012. There is no dispute as to liability, and only the amount of damages awarded is at issue.

 The following exchange occurred during the assessment hearing:
THE COURT: So that’s why I’m asking. Counsel just said that you agree that you owe the money and you owe this amount, but you’re telling me that you don’t owe this, if you’re saying it’s interest?
*114 KATHY RINN: Right. I (indiscernible).
THE COURT: Are you disputing the amount of money?
KATHY RINN: Yes.
(UNIDENTIFIED RINN): Yes.
KATHY RINN: I guess we are.

 The following exchange between the trial judge and Discover supports this argument:
UNIDENTIFIED RINN: And there have already been two debts resolved by the debt resolution company for 40 percent exactly.
THE COURT: Okay. And you’re going to take their offer of 40 percent back?
DISCOVER: I will. I can tell you that it will be rejected, but they likely...
THE COURT: It won’t be rejected if I make it an order, will it?