*Northern District*

No. 5930

**TILO COMPANY, INC.**

**v.**

**THOMAS F. AND MARGARET E. CONNOLLY**

Filed September 16, 1964

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Welch, J.* in the Fourth District Court of Eastern Middlesex. No. 702 of 1963.

*Parker, J.* This is an action of contract brought against the defendants on a promissory note. The action was commenced by writ dated 15 April 1963, returnable 29 *April* 1963. An attachment of real estate was made 16 April 1963. The return of service on the writ states it was served on the defendants 17 *April* 1963 by leaving it at their last and usual place of abode, 272 Burlington Avenue, Wilmington, Mass. The plaintiff's declaration alleged that defendants owed plaintiff $1245.00 plus attorney's fees in accordance with the note of $249.00, a total due of $1494.00. The defendants failed to appear and were defaulted.

On *May* 9, 1963, plaintiff's attorney mailed to the clerk of the Fourth District Court, a copy of a motion to assess attorney's fees, a copy of which was mailed to defendants at 272 Burlington Avenue, Wilmington, Mass. The date set in the affidavit attached to the motion by the plaintiff's attorney for the presentation of the motion was 21 *May* 1963. The notice and copy contained were sent

in an envelope containing the return address of the plaintiff's attorney and the letter was never returned to him.

On 27 *August* 1963, plaintiff's attorney received from attorney for defendants a copy of a motion to stay judgment, remove default and to be permitted to appear and file an answer on the merits.

28 *August* 1963, Gregory H. Adamian, Esquire, appeared as counsel for defendant. The docket record does not show it to be a special appearance. On the same date, he filed the motion to stay, remove the default and answer on the merits.

On 26 *November* 1963, the defendants' motion to stay, remove default and answer to the merits was denied by the court and on 27 *December* 1963, the plaintiff filed a motion for assessment of attorney's fees. The defendants on 2 *January* 1964, filed a motion to continue the action until further notice be given defendants. This motion set forth that service purported to have been made on the defendants at their last and usual place of abode, 272 Burlington Avenue, Wilmington, Mass., when in fact on the date of service, they resided in Laurel, Maryland, and that the defendants did not receive further notice as required by G. L. c. 223, §34.

The plaintiff's motion to assess and the defendants' motion to continue for further motion to the defendants were heard 7 *January* 1964. At these hearings, the defendants

offered an affidavit of the male defendant which stated defendants left Massachusetts 7 *April* 1963, and established residents at Laurel, Maryland, and that they have no intention of returning to Massachusetts other than an occasional visit. The court denied the defendants' motion and granted the plaintiff's motion assessing attorney's fees in the amount of $249.00.

The defendants claim to be aggrieved by the court's action in denying this motion to continue and by the court's action in assessing attorney's fees in the amount of $249.00.

█ The defense which is sought to be raised by the defendants' motion to continue, namely that there was lack of proper service on the defendants is a matter of abatement. The question is one of fact as to whether the place of service was the defendants' last and usual place of abode. To establish the defense, evidence will be required. The proper method of raising the question is by an answer in abatement. *Estey v. Director of the Division of Employment Security,* 338 Mass. 797, 798; *Paraboschi v. Shaw,* 258 Mass. 531, 532.

█ But whatever the pleading should have been or should not have been, is immaterial. In this case, the first step taken by the defendants' counsel was to file a motion to remove the defendants' default. Neither the docket nor the report state that the defendants' attorney filed *a special appearance,* and both are silent as to when defendants' attorney filed his appearance other than the

report state that on 27 *August* 1963, plaintiff's attorney received from attorney for the defendant a motion to stay judgment and remove a default and permit the defendants to appear and answer *"on the merits"*. On the affidavit attached to this motion, Gregory N. Adamian states that he is attorney for the above-named defendants, being the appellants in this action.

By submitting this motion, the defendants have submitted themselves to the jurisdiction of the court. They have appeared generally and asked the court to exercise jurisdiction over the parties and thereby have waived all questions as to service and have submitted themselves to the jurisdiction of the court "on the merits". *Gahm v. Wallace,* 206 Mass. 39, 44, 45; *Buckley v. John,* 314 Mass. 719, 722.

To have granted the defendants' motion under these circumstances would have been unnecessary and would be a cause of groundless delay.

There was no error in the denial of the defendants' motion to continue.

■ The plaintiff's motion to allow attorney's fees was properly allowed. The note which was for $1245.00 called for interest "at the legal rate and attorney's fees of 20% of the unpaid balance if placed with an attorney for collection".

Although the defendants in the report claimed to be aggrieved by this ruling of the court, the point was not raised or discussed in their brief. The defendants' attorney

made no oral argument. The report fails to show any payments by the defendants on the note, and twenty-percent (20%) of the amount of the note is $249.00. In view of these facts, any objection to this finding was waived by the defendants. But even if the defendant had raised this issue, there was no error on the part of the court in allowing the plaintiff's motion.

*The report is to be dismissed.*

Raymond P. Dillinger, of Boston, for the Plaintiff.
John T. Donahue, of Boston, for the Defendant.