*Northern District*

No. 8111

**RUSH INSURANCE AGENCY, INC.**

**v.**

**JAMES P. NOONAN**

Argued: Oct. 25, 1973 - Decided: Mar. 11, 1974

*Present*: Cowdrey, P.J. and Forte, J.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex and reported by *Doyle, J.* No. 4642 of 1971.

**Forte, J.** This is an action in contract entered in the Third District Court of Eastern Middlesex. Just prior to the trial justice's establishing the report, he was mandatorily retired on January 4, 1973. Thereafter, on February 26, 1973, pursuant to Rule 30A of the Rules of the District Courts, the Chief Justice assigned another justice to act in the place of the trial justice, who, in turn, established the report.

The declaration is in four counts:

"Count I — $10,500.00 for money loaned to the defendant according to an account annexed.

"Count II — $10,500.00 on a promissory note payable to plaintiff made by the defendant, a copy of which was attributed (sic) to the declaration.

"Count III — $1,200.00 for the balance of a draw received by the defendant not

offset by commissions earned by the defendant.

"Count IV — $1,200.00 for money owed to the plaintiff by the defendant according to an account annexed."

The answer is a general denial and a claim in set-off for $14,289.46 for damages resulting from the plaintiff's failure to credit the defendant with commissions, percentages of premiums resulting from the plaintiff's failure to provide certain services to the defendant, all in breach of an agreement between the parties.

The declaration in set-off further alleged that the promissory note referred to in Count II of the plaintiff's declaration was executed on condition that the defendant pay it only through the defendant's earnings in association with the plaintiff.

The plaintiff filed the following notice to admit facts:

"Please take notice that the plaintiff in this case requires the Defendant to admit or deny, for the purpose of this case only, the following facts:

"1. That on or about April 14, 1971 the Plaintiff loaned the Defendant the sum of $10,500.00.

2. That on or about April 14, 1971, the Plaintiff gave the Defendant a check made payable to the Defendant in the amount of $10,500.00.

3. That on or after April 14, 1971 the Defendant endorsed and negotiated the said check mentioned in Item #2 above.

4. That upon receipt of the check mentioned in Item #2 above, the Plaintiff stated to the Defendant that he the Plaintiff would pay the full amount of the check in question on demand. (sic)

5. That the Plaintiff on or before September 17, 1971 made demand of the Defendant for repayment of the monies loaned on or about April 14, 1971.

6. That on or about April 14, 1971, the Defendant signed a promissory note, a copy of which is attached to the Declaration.

7. That on or about April 14, 1971 the Defendant delivered to the Defendant the promissory note mentioned in Item #6 above. (sic)

8. That the Plaintiff on or before September 17, 1971 made demand of the Defendant for payment on account of the promissory note mentioned in Item #6 above.

9. That on or about April 16, 1971 the Defendant entered into an agreement with the Plaintiff whereby the Defendant agreed to become the Plaintiff's agent to solicit, sell and take orders for all forms of insurance such as might be handled by the Plaintiff.

10. That the agreement mentioned in Item #9 above further stipulated that the Plaintiff would provide the Defendant with office space and a weekly "draw" or advancement of monies to be offset by commissions to be earned by the Defendant on account of sales of insurance made by the Defendant.

11. That the Defendant did receive and avail himself of the office space mentioned in Item #10 above.

12. That the Defendant did receive and accept periodically certain amounts of monies on account of the "draw" mentioned in Item #10 above.

13. That the agreement mentioned in Item #9 above was terminated on or about September 17, 1971."

No statement was filed by the defendant and therefore, for the purposes of this action, the allegation of facts contained in the Notice to Admit Facts are deemed admitted. G.L. c. 231, §69.

At the close of the evidence, the defendant filed seven requests for rulings.

Requests numbers 1, 2 and 3 are:

"1. The evidence is insufficient to warrant a finding for the plaintiff.

2. The evidence is sufficient to warrant a finding for the defendant.

3. The evidence is sufficient to warrant a finding for the defendant (sic) in set-off in the amount of $14,289.46."

The trial justice's actions were as follows:

"1.   Denied.

"2.   Granted, but on all the evidence the court does not so find. (See Findings of Fact)

"3.   Granted, but on all the evidence, the court does not so find. (See Findings of Fact)"

In addition the trial justice filed the following findings of fact:

"The declaration states that Counts I and II are for the same cause of action, and that Counts III and IV are for the same cause of action.

"On Count I the Court finds that on 14 April 1971 the defendant (sic) made a loan to the defendant in the amount of $10,500.00. The loan was made at the request of the defendant on his representation that it was needed to enable him to clear himself of possible obligations to other parties and possible law suits, and, so he would be able to devote more time and energy to his work for the plaintiff. There was evidence that there was an oral agreement between the defendant and the President and Treasurer of the plaintiff that this loan was to be paid from commissions earned while working under an oral agreement for the plaintiff. The court does not find this to be a fact and finds for the plaintiff in the amount of ten thou-

sand five hundred dollars and no cents ($10,500.00) with interest from 14 September 1971, the date of the writ.

"On Count II the Court finds as a fact that on 14 April 1971 the defendant executed a promissory note payable to the plaintiff in the amount of $10,500.00. The note was given in consideration of a loan to the defendant by the plaintiff. The defendant testified that there was an oral agreement by the parties that the defen- was to pay back the note from commissions to be earned by him under an agreement with the plaintiff and that the defendant paid the plaintiff $1000 in cash on the note. The Court does not find this to be a fact and on Count II finds for the plaintiff in the amount of ten thousand and five hundred dollars and no cents ($10,500.00) with interest @ 8% from 14 April 1971.

"On Count III and IV the Court finds as a fact on or about 14 April 1971 the plaintiff and the defendant agreed orally that the plaintiff would provide the defendant with office space, secretarial and administrative help and a weekly draw of $300.00 to be offset by commissions to be earned by the defendant and that the plaintiff paid the defendant on this draw account $300 weekly from 15 April to 27 May, and from 3 June to 16 August 1971

$100.00 weekly a sum of $100 making a total payment of $3800. The Court finds that the secretarial and administrative help was available for the defendant and that he was provided with office space.

"The Court finds that the commissions earned by the plaintiff to be offset against the draw account to be $2010.36 and that the defendant owes the plaintiff $1729.64 on the draw account. The Court finds as a fact that the oral agreement entered into by the plaintiff and defendant was terminated by both parties on 17 September 1971.

"The Court finds for the plaintiff on Count I and Count II in the amount of ten thousand and five hundred dollars and no cents ($10,500.00) with interest @ 8% from 17 September 1971.

"The plaintiff to have one execution for Counts I and II only.

"The Court finds for the plaintiff in Counts III and IV in the amount of one thousand seven hundred twenty-nine dollars and sixty-four cents ($1729.64) with interest from the date of the writ.

"The plaintiff is to have one execution for Counts III and IV.

"On the claim of Set-Off there was evidence submitted by the plaintiff-in-Set-Off that the defendant-in-Set-Off owed him $10,070.46 for commissions which the

defendant-in-Set-Off received because of the work of the plaintiff-in-Set-Off, that he paid the defendant-in-Set-Off $1000 on the note and that the defendant-in-Set-Off owes him $3,210.45. The Court does not believe this testimony, but does find that the plaintiff-in-Set-Off did earn as commissions the sum of $2010.26 which has been credited to him on his draw account by the defendant-in-Set-Off and accordingly the Court finds for the defendant-in-Set-Off.''

After the draft report was filed but prior to the trial justice's establishing his report, the trial justice was mandatorily retired. The defendant on January 31, 1973 filed a motion for a new trial on the grounds that no report had been established. The Chief Justice on February 26, 1973 appointed another justice pursuant to District Court Rule 30A, who, in turn, after hearing, denied the motion for a new trial and established the Report.

Although the report states the defendant is aggrieved by a number of rulings, yet, matters not argued, either orally or in writing, before the Appellate Division are deemed to be waived. *Regal Floor Covering, Inc.* v. *A. P. Construction Co., Inc.,* 35 Mass. App. Dec. 73.

Before the Appellate Division, the defendant only argued that the denial of his motion for a new trial was error for three reasons:

1. That the promulgation and application to this case of District Court Rule 30A is improper.

2. The defendant was denied due process of law because there was no transcript of the trial.

3. The trial judge's findings of fact on the denial of the defendant's requests for rulings 2 and 3 are insufficient to satisfy Rule 27 of the Rules for the District Courts,

and that he was aggrieved by the denial of Request #1.

■ I. District Court Rule 30A reads as follows:

"Rule 30A    Disability of a Judge

If by reason of death, sickness, resignation, removal, *retirement* or other disability, a justice before whom an action has been tried shall fail to allow a report, fail to report a case reserved for report, or fail to act upon a motion for a new trial, the chief justice of the district courts shall assign another justice to act in the place of the trial justice. If such other justice is satisfied that he cannot so act because he did not preside at the trial or for any other reason, he may in his discretion order a new trial." (Italics supplied)

Although G.L. c. 231, §115 relating to, inter alia, the failure of a justice to act because of

retirement does not apply to the District Courts, G.L. c. 231, §141, G.L. c. 218, §43 authorized the Chief Justice of the District Courts "to make and promulgate uniform rules for . . . the preparation and submission of reports, the allowance of reports which a justice . . . shall fail to allow by reason of physical or mental disability, death or resignation, the reporting of cases reserved for report when a justice shall fail to report the same by reason of physical or mental disability, death or resignation, . . . *and the practice and manner of conducting business in cases which are not expressly provided for by law . . .*" (Italic supplied)

The inability in the instant case was caused not by physical or mental disability, death or resignation, but by retirement on January 4, 1973 pursuant to the adoption of an amendment to the Constitution of the Commonwealth of Massachusetts. Art. 1 of c. 3 of Part II, as amended.

However, there being no provision expressly provided by law in such cases, the Chief Justice was authorized by G.L. c. 231, §43 to make and promulgate Rule 30A for the practice and manner of conducting business caused by failure of a trial justice to act due to a mandatory retirement.

Therefore the making and promulgation of Rule 30A to be effective on December 1, 1972 was proper and the appointment pursuant

thereto of another justice on February 26, 1973 to establish a report was timely and proper.

II. Not having a stenographic record of the trial in the District Court is not denial of due process. *Commonwealth* v. *Britt,* Mass. Adv. Sh. (1972) p. 1443; 285 N.E.2d 780. Although there is no statute requiring the recording of testimony in the District Courts, "the District Courts . . . are only authorized to employ stenographers in trials of juries of six, and although parties may retain stenographers at their own expense, they are not commonly used . . . An attempt to remedy this deficiency is long overdue." Interim Report of the Joint Special Committee Established to Investigate and Study Reform of the Judicial System, 1972 House Doc. #5685 at 23. See Chief Justice Flaschner's Report to the Supreme Judicial Court, November 30, 1973.

III. Rule 27 requires a trial justice to state the facts found when upon a request for ruling he rules that the facts stated in the request are not found. The judge granted requests #2 ·and #3 with the notation "but on all the evidence, the Court does not so find, see findings of fact". The judge's findings of fact (set out above) filed with his rulings are quite explicit for all four counts of the declaration and for the answer in set-off. The trial judge complied with and satisfied Rule 27.

IV. There was no error in the denial of Request #1. With the admission of facts resulting from no statement filed by the defendant in answer to the Notice to Admit Facts, there was sufficient evidence to permit a finding for the plaintiff on Counts I and II.

As to Counts III and IV, there was evidence that the plaintiff made advances totaling $3800.00 to the defendant to be offset by commissions to be earned by the defendant which he earned in the amount of $2010.36, leaving the defendant owing the plaintiff a balance.

Although Chief Justice Flaschner was part of this Appellate Division panel, because of the argument made relative to Rule 30A, he disqualified himself and did not participate in the decision.

**There being no error, the report is dismissed.**

PAUL A. A. ST. AMOUR of Arlington
 for Plaintiff
JAMES F. FREELEY, JR. of Boston
 for Defendant