*Northern District*

## No. 8405

## EQUILEASE CORPORATION
### v.
## ALBERT J. CAPONE, JR.

Argued: January 22, 1976. Decided: May 13, 1976

Case tried to *Sherman, J.,* in the Second District Court of Eastern Middlesex. No.: 15388 of 1974.

Present: Flaschner, P.J.*, Flynn, Forte, J.J.

Sitting at: Lowell, Massachusetts

**Forte, J.** This is an action of contract brought by Equilease Corporation (hereinafter referred to as Equilease) as assignee of Diversified Equipment Leasing Corp. (hereinafter called Diversified) for damages for breach of a lease between Diversified and the defendant, specifically for the unpaid monthly payments called for in said lease. The defendant answered by way of a general denial and further alleged that the plaintiff's claim was founded upon an agreement between the defendant and Savin Business Machines Corporation (hereinafter referred to as Savin).

The case was submitted on a statement of agreed facts and two exhibits.

A salesman for Savin solicited the defendant for the defendant to acquire a Savin copy machine. The defendant selected the particular copier with console and chose, rather than to purchase, to lease the equipment. The Savin salesman presented lease documents to the defendant whereby Diversified would lease the equipment to the defendant.

---

* Chief Justice Flaschner participated in the hearing and post hearing conference on this matter but died prior to the signing of the opinion.

The defendant signed the lease on October 31, 1972 with Diversified signing on November 3, 1972, calling for a $51.87 payment each month commencing October 31, 1972 with an advance payment of $155.61 payable at signing to be applied to the first and last two rental payments. Further the lease states the equipment will be kept at the defendant's office address.

In addition the lease contains the following provisions:

"4. Lessee represents that it has selected the Equipment and the supplier from whom Lessor is to purchase the Equipment. Neither the supplier nor its representatives are the agents of Lessor. *Lessor has not made and does not make any warranties express or implied with respect to the merchantability, fitness, condition, quality or otherwise with respect to the equipment.* Lessor shall not be liable for specific performance or for damages, if any, if for any reason the supplier delays or fails to fill the order. Lessee shall accept such Equipment delivered in good repair and authorized Lessor to insert the serial number, lease commencement date, sales and/or use taxes, or any additional descriptive matter in connection with the Equipment. Any delay in delivery shall not affect the validity of the lease. *No defect or unfitness of the equipment shall relieve lessee of the obligation to pay rent or of any other obligation under this lease.* (emphasis in original)

"6. Lessee covenants and agrees that the Equipment which the Lessee is leasing hereby, is to be used for business and commercial purposes, and not for consumer or personal purposes.

"7. Lessee agrees that the maintenance service if any, to be performed, is the sole obligation of Lessee. Lessor authorized the Lessee to enforce in its own name and at Lessee's expense any warranty agreement or representation, if any, which

may be made by the supplier but Lessor itself makes no express or implied warranties as to any matter whatsoever."

Prior to delivery Diversified purchased the copy machine and consol from Savin for $2,054.85. Sometime in December 1972 the equipment was delivered to the defendant. Upon delivery the defendant executed a form directed to Diversified (the lessor) acknowledging that all the equipment had been received and "were and are in good order and condition and acceptable to us".

By a separate document Diversified granted to the defendant an option to purchase the equipment at the expiration of the original lease for $205.49, provided the terms of the lease had been fully performed.

Shortly after delivery the defendant experienced some difficulty with the copier and Savin made the repairs. After functioning for about a month, the copier again broke down, has not been operational since, in spite of the defendant's complaints to Savin for repairs, and remains in the defendant's possession.

In the event the court found for plaintiff the parties agreed to the amount of said finding.

The defendant filed requests for rulings and claims to be aggrieved from the denial of the following:

2. The agreement entered into between the plaintiff and defendant is subject to Chapter 255D of the Massachusetts General Laws.

3. The plaintiff is subject to all of the defenses that the defendant has against the original seller.

4. The attempt of this agreement to circumvent section 25A of Chapter 255D is void as against public policy.

There was no error.

G.L.c. 255D is limited to consumer transactions, relating to installment sales. In §1 thereof it defines "goods" as:

". . . all things movable purchased primarily for personal, family or household purposes, other than motor vehicles as defined in chapter two hundred and fifty-five B, including goods which are or are to become fixtures or which are to become incorporated into a structure and gift certificates. "Goods" does not include money or choses in action."

13 Annual Survey of Mass. Law §7.2 (1966)

G.L.c. 106, §9 - 109 (1) by definition states "goods are 'consumer goods' if they are used or bought for use primarily for personal, family or household purposes."

The result is "goods" under G.L.c. 255D means the same thing as "consumer goods" under G.L.c. 106, 15 Annual Survey of Mass. Law 132 (1968).

By the terms of this lease the parties agreed that the equipment was "to be used for business and commercial purposes, and not for consumer or personal purposes". Further, the equipment was to be kept at the defendant's office.

Therefore, there was no error in denying the second and fourth requests because business and commercial equipment are not covered by G.L.c. 255D.

As to the denial of request #3, the appellant neither orally nor in writing argued the matter before the Appellate Division, and therefore it is deemed waived. *Regal Floor Covering, Inc. v. A.P. Construction Co., Inc.,* 35 Mass. App. Dec. 73, 80 (1966); *Rush Ins. Agency, Inc. v. Noonan,* 54 Mass. App. Dec. 32, 40 (1974). **Report dismissed.**