*Northern District*

# No. 8426

# GOPE GIDWANI
## v.
# PAUL WASSERMAN
## and
# PAUL WASSERMAN
## v.
# GOPE GIDWANI

Argued: April 29, 1976. Decided: June 16, 1976.

Case tried to *Fine, J.,* in the Third District Court of Eastern Middlesex. Numbers: 1079-74, 3000-74, 62-75.

Present: Bacigalupo, Presiding Justice; Flynn and Forte, J.J.

Counsel for plaintiff: Michael S. Avratin.

**Flynn, J.** This matter comes to this Division from the Third District Court of Eastern Middlesex as the result of a consolidation of three cases involving the same parties and subject matter in which reports were requested.

Case #1 is an action by Gidwani against Wasserman in contract and tort alleging a wrongful entry by Wasserman, the owner and lessor upon business premises (a clothing store) occupied by Gidwani the lessee. It is further alleged that Wasserman negligently deactivated a burglar alarm system on the premises resulting in a burglary in which Gidwani's merchandise was removed from the premises.

Case #2 is an action in contract by Wasserman against Gidwani for rent for the said premises for the months of March and April, 1974 in the amount of $550.00 per month or $1,100.00 in total.

Case #3 is an action on contract by Wasserman against Gidwani for the rent of said premises for the months of October, November, and December, 1974 for a balance of $1,268.00 that is claimed to be owing.

Cases #1 and #2 were tried as consolidated and the trial justice found for Gidwani in each case. The trial justice also made findings of fact in each case and in case #1 assessed damages in the amount of $11,950.00. A report was requested by Wasserman on the denial of certain requests for rulings.

Case #3, through no fault of the trial justice, was never tried although it had been previously consolidated for trial with the other two cases by another justice. After the findings had been entered and reports claimed in cases #1 and #2 Gidwani moved to dismiss case #3 on the ground that the issues involved in case #3 had actually been litigated and decided in the trial of the other two cases and that Wasserman therefore was collaterally estopped from asserting his claim. The trial justice allowed the motion to dismiss and Wasserman claimed a report on its allowance as well as on the trial justice's denial of a motion to amend his complaint.

This latter point was not argued orally or by brief and is deemed waived. *Rush Ins. Agency, Inc. v. Noonan,* 54 Mass. App. Dec. 32, 40 (1974).

The copies of the report furnished to this Division on cases #1 and #2 refer to the lease between the parties "which is annexed to this report and marked 'Exhibit A'." No such exhibit was annexed to the copies of the report received by the Division although a copy of the lease appears to have been annexed to the original report which was filed with and retained in the trial court.

Inasmuch as this Division would have to have the provisions of the lease before it for a proper understanding of the case because of the complaints certain of the trial justice's rulings as well as that certain of her findings of fact refer and relate to specific terms of the lease, the report on cases #1 and #2 must be dismissed.

This Division is limited to the four corners of the report before it and papers necessary to a proper appreciation of the case may not be incorporated into the report by mere reference thereto. *Mills v. Bill,* 33 Mass. App. Dec. 167, 170 (1965), Dist./Mun. Cts. R. Civ. P. Rule 64 (c), effective July 1, 1975, also Form 33 said Rules, Draft Report Model.

However, it might be added that at the hearing before this Division counsel for the appellee Gidwani did furnish a copy of the lease and upon review of its contents we state that we would have upheld the trial justice in cases #1 and #2 in any event.

Two of the rulings complained of were to the effect that Mass. G.L.c. 184, §18[1] applies to commercial as well as residential properties. We are in accord. There is nothing in the statute that limits its application to residential properties.

Several other rulings complained of were not argued and deemed waived. *Tile Company Inc. v. Connolly,* 31 Mass. App. Dec. 70, 74 (1965), *Welch v. Kline,* 31 Mass. App. Dec. 148 (1965).

Other requests were obviously directed to findings of fact and rightly denied. *Stella v. Curtis,* 348 Mass. 458, 461 (1964). The remaining rulings appear to have been denied as being inconsistent with the facts as found by the trial justice. In each instance the contrary findings of fact by the trial justice have been set forth in her special findings in accordance with Dist./Mun. Cts. R. Civ. P. Rule 64 (b).

We cannot say that any of the findings made by the trial justice lacked support in the evidence as summarized in the report and the findings must

---

[1] Mass. G.L.c. 184 §18 reads as follows:

"No person shall make an entry into land or tenements except in cases where his entry is allowed by law, and in such cases he shall not enter by force, but in a peaceable manner.

No person shall attempt to recover possession of land or tenements in any manner other than through an action brought pursuant to chapter two hundred and thirty-nine or such other proceeding authorized by law. The superior and district courts shall have jurisdiction in equity to enforce the provisions of this section."

therefore stand. *Kelsey v. Hampton Court Hotel Co.,* 327 Mass. 150, 152 (1951). *James B. Rendle Co. v. Conley & Daggett, Inc.,* 313 Mass. 712 (1943).

■ Wasserman also claimed to be aggrieved by the refusal of the trial justice to admit certain testimony proferred by one of his witnesses. Although an oral claim of report and offer of proof were seasonably made at trial, the record indicates that a written claim of report on this question, being one relating to the admission or exclusion of evidence, was not filed with the clerk of court within five (5) days of the hearing of all evidence as is required by the Dist./Mun. Cts. R. Civ. P. Rule 64 (a). In fact, the record indicates that no claim for report on this question was ever filed. There is consequently no question of law on this point presently before us.

■ We also uphold the trial justice in her dismissal of case #3. The issues raised in the pleadings in that case, that is whether Gidwani owed Wasserman rent for the months of October through December 1974, were disposed of by the trial justice in the findings that she made in connection with cases #1 and #2 which were tried. The trial justice found that one month's rent had been paid in advance under the terms of the lease; that all but $150.00 had been paid in rent for the second month which amount she deducted from the damages found to be otherwise due to Gidwani; and that Wasserman had wrongly taken possession of the premises prior to December 1, 1974 so that we conclude she therefore found nothing due him for the third month.

All matters upon which recovery is sought by Wasserman in case #3 have accordingly been previously litigated.

■ A judgment is conclusive evidence of the facts therein decided in all subsequent actions between the same parties and is conclusive on every

issue that has been litigated. *Rudnicki v. De Francisco,* 16 Mass. App. Dec. 196, 199 (1958), *Drain v. Brookline Savings Bank,* 327 Mass. 435, 439 (1951), *Wishnewsky v. Saugus,* 325 Mass. 191, 194, 195 (1945).

No prejudicial error having been found, the reports are dismissed.