Forte, J.
This is an action of tort arising out of the allegation the plaintiff was struck by a motor vehicle.
There was evidence tending to prove that the defendant Gradzewicz’s motor vehicle was at the defendant Champy’s Service, Tire & Supply, Inc.’s premises on a lift for service; that the defendant Champy negligently backed the vehicle off the lift and struck the plaintiff, who was lawfully on the premises as a business invitee of the corporate defendant.
It is also reported that “the plaintiffs proven, related medical bills did not exceed five hundred ($500.) dollars.”
There was no evidence that the plaintiff suffered death, loss of a bodily member, permanent disfigurment, loss of sight or hearing, orafracture. Nor was there any evidence that the plaintiff was not eligible for Personal Injury Protection benefits (PIP).
At the close of the evidence, the plaintiff filed requests for findings of fact and the following requests for rulings of law:
1. On all the evidence, the plaintiff is entitled to a judgment against either Edward P. Champy or against Frances Gradzewicz, or against both of them, for the fair value of the damages sustained by him.
2. To-recover against the Defendant Edward P. Champy, the Plaintiff need only show that while lawfully, and in the exercise of due care, upon the premises of said Defendant, he was injured by the negligence of said Defendant, and Plaintiff need not prove an exemption to the Massachusetts Motor Vehicle ‘No-Fault’ Law.
3. On all the law, the Plaintiff is entitled to a judgment against either Edward P. Champy or against Frances Gradzewicz, or against both of them, for the fair value of the damages sustained by him.
4. If the Court finds that the Plaintiffs injury, or injuries, or any of them, are of a permanent nature, the Plaintiff is entitled to have the Court take into account Standard Life Expectancy Tables, as applied against his age at the time of the accident.
The trial judge made no specific ruling as to the allowance or denial of the *142 requests but did find “ .. .the plaintiff did not meet the requirements of G.L.c. 231 ,§ 6N (sic) in that he could not prove medical bills resulting from the accident of at least Five Hundred Dollars ($500.)’ ’, and then entered judgment for defendants.
The plaintiff is aggrieved by the trial court not granting his request for findings of fact and not allowing his requests for rulings, more specifically request #2.
The sole question argued and briefed by the parties is whether G.L.c. 231, § 6D applies to garage mechanics and those in like positions who while backing up a motor vehicle injure a person so that the injured person cannot sue in tort without proving the jurisdictional requirements of § 6D.
Although other issues appear from an examination of the report, the “Appellate Division need not pass upon questions or issues not argued in briefs...” Dist/Mun. Cts. R. Civ. P., Rule 64(f); Cole v. Cole, Mass. App. Dec. Adv. Sh. (1978) 6. Issues not argued orally or by brief are deemed waived. Gidwani v. Wassermant, 58 Mass. App. Dec. 162 (1976). Therefore, we confine ourselves to the issue argued and briefed.
There was no error.
G.L.c. 231, § 6D reads in part as follows:
In any action oftort brought as a result of bodily injury,.. .arising out of the ownership, operation, maintenance or use of a motor vehicle within the commonwealth by the defendant, a plaintiff may recover damages for pain and suffering,... ,only if the reasonable and necessary expenses incurred in treating such injury,.. .are determined to be in excess of five hundred dollars unless such injury,.. .[or] disease (1) causes death, or (2) consists in whole or in part of loss of a body member, or (3) consists in whole or in part of permanent and serious disfigurment, or (4) results in such loss of sight or hearing as is described in paragraphs <a),(b),(c),(d),(e),(f) and (g) of section thirty-six of chapter one hundred and fifty-two or (5) consists of a fracture, (emphasis supplied)
Although dicta in Kaufman v. Parker, Mass. App. Dec. Adv. Sh. (1977) 580 indicates this division has reservations that § 6D did not intend those who perform services for hire on motor vehicles would enjoy immunity from suits for personal injuries caused in the process of servicing a motor vehicle (unless the injuries sustained meet the jurisdictional requirements enumerated in § 6D), the statute is very explicit that injuries resulting from the “operation.. .of a motor vehicle within this commonwealth” are covered by § 6D. Driving a motor vehicle backwards is within the definition of operation, see Nichols, Inc. v. Travelers Ins. Co., 343 Mass. 494 (1962); the accident occurred in this commonwealth and therefore G.L.c. 231, § 6D applies to the facts reported.
Therefore the plaintiff had the burden of proof to meet the “jurisdictional” standards set out in § 6D. Victum v. Martin, 367 Mass. 404 (1975) or that he was not eligible for “PIP” benefits. Murphy v. Bohn, 377 Mass. 544 (1979). Having failed to prove either, the trial court was correct in not granting the requests and entering judgment for the defendants.
Report dismissed.