Fremont-Smith, J.
On or about May 16, 1996, the plaintiff, Sergei Khramtsov (“Khramtsov”), brought this action in Boston Municipal Court against the defendants, Christopher Wright (“Wright"), Patrick Douglas (“Douglas”) and Alamo Rent-A-Car (“Alamo”), arising out of injuries he suffered on December 25, 1993, when an Alamo rental car driven by Wright and rented by Douglas collided with Khramtsov’s taxicab on Blue Hill Avenue in Dorchester. On or about June 21, 1996, service of process was made on defendant Alamo Rent-A-Car. On or about July 3, 1996, at the defendant Alamo Rent-A-Car’s request, the case was removed to Suffolk Superior Court for a jury trial. On *232 or about September 18, 1996, service was made on defendant Douglas (1) at his residence in New York by-leaving copies of the Summons, Complaint, Civil Action Cover Sheet and Tracking Order with a relative of suitable age and discretion; and (2) on September 24, 1996, by mailing, first class, a copy of the Summons, Complaint, Civil Action Cover Sheet and Tracking Order to Douglas’ last and usual place of abode.
On or about September 16, in accordance with M.G.L.c. 90, §3D, a duplicate copy of process served upon the Registrar of Motor Vehicles against defendant Wright was forwarded by mail to 14 Culbert Street, Mattapan, Massachusetts, 02126, the last known address for Wright in the Registrar’s records. This letter was returned by the post office, dated October 1, 1996, and marked “Attempted Not Known.” On or about October 7, 1996, Suffolk County Deputy-Sheriff Melvin Toon served defendant Wright with a copy of the Summons, Complaint, Civil Action Cover Sheet and Tracking Order by leaving the same at 14 Culbert Street, Mattapan, which plaintiff maintains is defendant Wright’s last and usual place of abode.
In his October 29, 1996 Answer to the plaintiffs Complaint, however, it was admitted that at the time of the alleged accident, Wright’s resident address was 14 Culbert Street, Mattapan, Massachusetts, but asserted the affirmative defenses of insufficiency of process and insufficiency of service of process, alleging that at the time of service, a copy of the summons was not sent to defendant Wright by first class mail as required, pursuant to M.G.L.c. 223, §31, for actions commenced in the Boston Municipal Court. The plaintiff now moves to strike defendant Wright’s affirmative defenses of insufficiency of process and insufficiency of service of process. After hearing and the Court’s consideration of the submissions of the parties, the Court DENIES the plaintiffs motion to strike.
DISCUSSION
Citing Bird v. Ross, 393 Mass. 789, 791-92 (1985), Khramtsov first asserts that defendant Wright was properly served and further asserts that (1) defendant Wright’s last and usual place of abode is listed by the Registry of Motor Vehicles as 14 Culbert Street, Mattapan, Massachusetts, 02126; and (2) defendant Wright admits in his Answer that at the time of the December 25, 1993, accident his residence was located at 14 Culbert Street, Mattapan, Massachusetts, 02126. In Bird v. Ross, supra, however, the Court held that
[h]ere, the plaintiff complied with the statutory requirements for service of process on the defendant. See G.L.c. 223, §31 and Dist. Mun. Cts. R. Civ. P. 5. The summons was delivered at the defendants last and usual abode, 62 Kilby Street, Woburn, which he concedes was his mailing address and the address listed on a form filed with the plaintiffs insurance company six months before the action. The only neglect at issue in this case is the defendant’s own carelessness in listing an inappropriate address.
Here, by contrast, Wright was not served in accordance with M.G.L.c. 223, §31 (applicable to actions commenced in the District Court), but rather in accordance with Mass.R.Civ.P., Rule 4. “It should be noted that in all cases under the Rules of Civil Procedure, an action is considered commenced, for all practical purposes, including the applicable statute of limitations, when the plaintiff mails (registered or certified) to the clerk the complaint and entry fee, or when the clerk receives the complaint and fee.” Nolan, 9 Massachusetts Practice Series, §201 at 265; see also Mass.R.Civ.P., Rule 3. “In an action brought in the district court, [moreover], if service is made at the last and usual place of abode, the officer making service shall forthwith mail first class a copy of the summons to such last and usual place of abode." M.G.L.c. 223, §31.
Defense counsel maintains, moreover, that Wright had no obligation to maintain a current address at the Registry of Motor Vehicles at the time of service, as his license had been revoked and his registration can-celled. Defense counsel further asserts that neither he nor the Registry of Motor Vehicles has been able to reach defendant Wright by mail, all attempts being returned “Attempted Not Known.”
Massachusetts courts have not addressed the effect of removal from Boston Municipal Court or a District Court to Superior Court upon application of proper service of process. In a Massachusetts Appellate Division Decision, however, the court held that:
The defense which is sought to be raised by the defendants’ motion to continue, namely that there was lack of proper service on the defendants is a matter of abatement. The question is one of fact as to whether the place of service was the defendants’ last and usual place of abode. To establish the defense, evidence will be required. The proper method of raising the question is by an answer in abatement.
Tilo Co., Inc. v. Thomas F. and Margaret E. Connolly, 31 Mass. App. Dec. 70, 73 (1964) (citing Estey v. Director of the Division of Employment Security, 338 Mass. 797, 798 (1959); Paraboschi v. Shaw, 258 Mass. 531, 532 (1927). Similarly here, whether 14 Culbert Street, Mattapan, was defendant Wright’s last and usual place of abode at the time of service is a question of fact which cannot be established on the record before the Court.[1]
In addition, the Massachusetts Appellate Division has held that service pursuant to M.G.L.c. 90, §3Dwas insufficient to confer jurisdiction over a vehicle owner in a motor vehicle accident case where (1) no affidavit of compliance had been filed; and (2) there was no evidence of actual notice to the vehicle owner. Rososky v. Galligan, 1995 Mass .App .Div. 26. Here, while an affidavit of compliance was filed by the Registry certi *233 fying that a copy of the Summons was mailed to defendant Wright at 14 Culbert Street, Mattapan, the affidavit indicates that the letter was returned to the Registry marked “Attempted Not Known,” indicating that defendant Wright did not receive actual notice of the action. Accordingly, as it is at least unclear on the record before the Court whether defendant Wright ever received actual notice of the action, the plaintiffs motion to strike defendant Wright’s defenses of insufficiency of process and insufficiency of service of process is DENIED.[2]
ORDER
Accordingly, the Court DENIES the plaintiffs motion to strike defendant’s affirmative defenses of insufficiency of process and insufficiency of service of process. As it is within the discretion of the Court to allow any process or proof of service thereof to be amended pursuant to Mass.R.Civ.R, Rule 4(g), however, the Court hereby gives leave to plaintiff to effect further service upon defendant Wright in accordance with M.G.L.c. 223, §§31 and 34 and M.G.L.c. 227, §5, said service to be made within 90 days.

Defendant’s Answer admitted only that Wright resided at 14 Culbert Street, Mattapan, at the time of the accident

The Court further notes that plaintiffs motion to strike was not timely filed. See Mass.R.Civ.P., Rule 12(f) (requiring that a party’s motion to strike be made “within twenty days after the service of the pleading upon him”). Here, defendant Wright’s answer was served on the plaintiff on October 29, 1996, whereas plaintiffs motion to strike was not filed until November 19, 1996, i.e. more than twenty days after service of Wright’s Answer.