This is a Dist/Mun. Cts. RADA, Rule 8C, appeal by the defendant-landlords of a judgment entered for the plaintiff-tenant in a slip and fall case tried before a judge without a jury.
1. None of the requested rulings of law filed by the landlords, of which five were denied, form the basis of this appeal. Instead, the landlords argue that the evidence presented at trial “cannot sustain [the] judgment” and that, in any event, the damages awarded were excessive. Although not required to do so, the trial judge elected to make written findings of fact and rulings of law. We will set aside those findings only if they are “unsupported by the trial evidence or tainted by error of law and thus ‘clearly erroneous.’” Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96 and cases cited. In that regard, “ [i]f the trial judge makes one of several possible choices of what facts are supported by the evidence, the judge’s choice is not clearly erroneous.” W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 751 (1993).
The plaintiff testified at trial that in the early morning hours of April 3,1997, as she left her apartment to go to work, she slipped on the porch and fell down the stairs. When she got up, she could see that there was ice on the porch area where she had slipped. There was also testimony that the roof and gutters which covered the porch (but not the stairs) were in disrepair; that when it rained or when snow *61 melted, water would flow onto the porch through the area where the roof and gutters had separated; that there was a significant snowstorm two days before the plaintiffs fall; that the night before the fall, the porch was wet, but not icy; and that during that night, the temperature dropped below freezing. Since it could be inferred that the plaintiff had slipped on the ice on the porch, the crucial issue at trial became whether that ice had formed as a result of the disrepair of the roof and gutter above. The defendants argued that the linkage between the ice and the condition of the roof and gutter was speculative at best The trial judge disagreed, finding that “during the [preceding] day, water entered on the porch because of the disrepair of the gutters and roof, and that water then turned into ice during the night” Accordingly, the judge further found that “the ice on the porch was not a natural accumulation of snow and ice and was a direct result of the Mure of the defendants to maintain their property.”
The trial judge’s finding that the ice was on the porch because water had flowed through the broken gutters and then froze overnight was supported by the evidence. There was evidence that the night before the plaintiff fell, there was snow on the stairs, but not on the porch. From this evidence it could be inferred that the roof covered the porch and would have prevented water from collecting on the surface below if it had been properly maintained. There was also evidence that water was able to fall through the defective roof. The plaintiff testified that the porch was wet when she got home from work the prior evening. While not inescapable, inferences could be drawn that that moisture was water that had come through the defective gutters, that it froze, and that the resulting ice caused the plaintiff to slip.
In these circumstances, the trial judge was warranted in finding the defendants liable, not for any Mure to remove a natural accumulation of ice, but for a Mure to maintain the premises in a reasonably safe condition. See Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590, 592 (1994); Rossi v. Oceanview Country Club, 1997 Mass. App. Div. 197, 199. See also Aylward v. McCloskey, 412 Mass. 77, 80 n. 3 (1992) (“in circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors, then a defect may exist, creating liability in the owner or occupier.”). Here, water was not on the porch because nature put it there. Nature put snow on the roof above. Defects in the roof and connecting gutters, of which the defendants were aware, put the melted snow on the porch.
2. The defendants also argue on appeal that the trial judge erred in inviting the plaintiff’s attorney in closing argument to suggest a numerical amount of damages, and that the damages awarded were excessive. Neither of these issues was preserved for appeal, nor argued in any deM in the plaintiff’s brief. In any event, there was no error. As to the numerical amount issue, the trial judge never actually asked for “numbers,” but only asked each lawyer what he thought was the “appropriate measure of damages” (emphasis supplied). When the judge did so, neither side objected; and when the plaintiffs attorney in a very brief closing (comprising only twenty-six lines in the transcript) suggested various weekly dollar figures for pain and suffering, the defendants’ attorney again failed to object It is true that “[a]n argument concerning money damages indulging in significant references to numerical amounts that have no basis in the record is improper.” Harlow v. Chin, 405 Mass. 697, 704 (1989). See also Mitchell v. Hastings & Koch Enterprises, Inc., 38 Mass. App. Ct. 271, 281 n. 10 (1995). Here, however, the references were based on the medical bills and the plaintiffs testimony about the duration of her pain. While the assessment by the plaintiffs attorney of what that pain was worth in a dollar amount may conceivably have influenced a jury absent an appropriate instruction by the court as to how damages are to be determined, see Cuddy v. L & M Equip. *62 Co., 352 Mass. 458, 464 (1967), there is no basis here to conclude that the trial judge did not appropriately instruct himself before making his decision.
With respect to the defendants’ contention that the damages awarded were excessive, “[t]he computation of damages is a factual determination which cannot be disturbed on appeal in the absence of a clear indication that the assessment was unsupported by the evidence introduced at trial, or was tainted by error of law.” Cimino v. Perfection Autobody, Inc., 1998 Mass. App. Div. 109, 111. There is no such indication here in view of the plaintiff’s testimony that she suffered “excruciating” pain, that she could not sleep at all for the first week and had difficulty sleeping for a month thereafter, that she had “terrible spasms” in her lower back, and that she required treatment for several months without ever reaching an end result
Judgment affirmed. Appeal dismissed.
So ordered.