Hand, J.
This appeal arises from a summary process matter. Appellant Greta Curtis (“Curtis”) appeals from aspects of the trial court’s decisions on her pretrial motions and on the trial of the case. Curtis submitted a brief and appendix in support of her appeal, but did not appear for oral argument. After considering each of Curtis’s properly raised appellate arguments, we affirm the rulings and judgment of the trial court.
1. Accommodations. Curtis’s first argument is that the trial judge failed to provide her with the accommodations Curtis felt necessary at the pretrial hearings on her case, and at trial. For the reasons below, we find that the court made reasonable accommodations for Curtis, despite the fact that the accommodations made were not precisely those Curtis requested.
On the first scheduled trial date, December 6, 2012, when the case was called for trial, the judge noted, “[W]e have received numerous requests from Ms. Curtis with regard to accommodating her disabilities. She’s ... asked ... for an extension on the time to file an answer.” Curtis requested approximately two months to file her answer, until January 28,2013. In the course of the hearing, Curtis told the judge, in essence, that she had difficulty following spoken words and needed oral communications to be “written, like close [sic] captioning.” She indicated that that was the reason she had “asked for the accommodation that there would be a monitor so that [she could] read” what was being said. The judge indicated that the court did not have the resources to provide the equipment that Curtis sought. The court went on to conduct a detailed hearing in which Curtis participated with no apparent difficulty in comprehending what was said or in making herself heard.[2] As the hearing concluded, the judge clearly explained to Curtis her right to seek advice from a lawyer and directed Curtis to the court’s clerk’s office for assistance in contacting pro bono legal service providers. The judge then granted Curtis an extension until December 27, 2012, to file her answer, any counterclaims, and any requests for discovery. The court set a hearing date for January 10, 2013.
The parties returned to court, as planned, on January 10,2013. Curtis had filed her *159 answer on December 27, 2012, with a motion to dismiss or quash service on her of the plaintiffs complaint. At the outset of the hearing, after being reprimanded for repeatedly interrupting the judge, Curtis stated, “I have disabilities.” She did not elaborate or ask for any accommodation at that time. The record documents a vigorous exchange between the court and Curtis; there is nothing to indicate that Curtis had any difficulty in participating in the discussion. Curtis’s motion to quash was denied, and the court undertook the trial of the case. Curtis again raised her need for “accommodation,” specifically, a person to prepare a simultaneous typewritten transcription of the hearing. After confirming that Curtis did not have any medical documentation of any need for that or any accommodation, and the fact that the court was not equipped to respond to Curtis’s request, the court instructed plaintiff’s counsel to speak slowly, then heard the trial. Although, initially, Curtis indicated that she could not process the questions asked by plaintiff’s counsel — specifically, the question, “Do you live at 15 University Road, Apartment 33, in Brookline, Massachusetts?” — she evidenced no further difficulty in comprehending what was said.
After taking the case under advisement, the court ruled against Curtis on the issue of possession. This appealed followed.
On February 4, 2013, the court held a hearing on Curtis’s motions to extend time for the filing of her appellate briefs and for a stay of execution on the plaintiff’s judgment. In the course of that hearing, Curtis requested, for the first time in the record before us, “time and a half’ to prepare her appeal, as an accommodation for what Curtis represented as a “disability”: “[I]t takes me ... twenty minutes to an hour to write a paragraph.” With plaintiff’s counsel’s assent, the court granted Curtis the additional time she requested “to perfect her appeal” and stayed execution for five months.
The Massachusetts Trial Court ADA Accessibility Policy (“Policy”) makes explicit the Trial Court’s interest in malting reasonable accommodations as necessary to permit equal access to all court users.[3] Where a court user identifies a need for *160 accommodation, the Policy calls for the user to alert the ADA Coordinator for the involved court and to complete a “Massachusetts Trial Court Request For Reasonable Accommodation” form, identifying, among other things, the nature of the requestor’s disability and the accommodation required. While the defendant did not take these formal steps, she did provide the court with the substance of the information called for under the Policy.[4] The judge, on determining that the specific accommodation the defendant requested was not available in her court, made alternative arrangements by pacing the proceedings in a way that allowed Curtis to participate fully in each of the hearings at issue and by allowing Curtis significant additional time to prepare her written submissions on each occasion that Curtis requested more time. Neither the transcripts included in the record before us, nor Curtis’s own briefing, demonstrates that the court’s inability to provide the particular accommodation Curtis requested in the course of the hearings at issue here — real-time transcription — had any adverse impact on Curtis’s ability to participate in the litigation. We find that the accommodations made by the court were reasonable. Curtis’s appeal on this ground is denied.
2. Return of service. Curtis’s next argument is that the return of service filed with the court was fatally flawed. Specifically, Curtis points to the fact that service was made by one Joan Figler (“Figler”) who, Curtis maintains, was neither a constable nor a special process server. Curtis raised the issue in the trial court by way of a motion to quash; while the appendix does not include a copy of that motion, it is undisputed that the issue was raised and denied in the trial court. The record does not include any evidentiary showing at the trial court level that Figler was not, as the return of service indicates, a constable. The papers before us contain only the appellant’s argument to that effect. The appellant has failed to demonstrate any error in the trial judge’s denial of her motion to quash service of the summons and complaint in this matter. See, e.g., Sullivan v. Ross, 2002 Mass. App. Div. 60,62, quoting Cimino v. Perfection Autobody, Inc., 1998 Mass. App. Div. 109, 111 (noting, in context of dispute over damages assessed at trial, that court’s factual determination cannot be disturbed on appeal “in the absence of a clear indication that the [factual determination] was unsupported by the evidence introduced at trial, or was tainted by error of law”).
3. Thirty-day notice to quit. Although Curtis’s brief identifies as an issue her assertion that “[t]he thirty day notice, signed by Attorney Daniel Briansky, included language that is contrary to the law and deceptive,” Curtis provides no further argument or support for this contention. On review of the notice to quit at issue, included in the appendix, we find no basis for Curtis’s argument on this point.
4. Receipt of summons and complaint. Curtis’s claim that she did not receive the summons and complaint by U.S. Mail, which was raised in her notice of appeal, was neither briefed nor argued by the appellant. “Issues not argued orally or by brief are deemed waived.” Pitocchelli v. Champy, 1983 Mass. App. Div. 141, 142, citing Gidwani v. Wasserman, 58 Mass. App. Dec. 162 (1976). Accordingly, we do not consider this issue.
For the foregoing reasons, the judgment of the trial court is affirmed.

 The appellant’s appendix includes a full transcript of each of the hearings at issue in this appeal.

 The Policy provides as follows:
The Massachusetts Judiciary advises its employees and the public that it does not discriminate on the basis of a person’s disability in employment or in access to its programs, services, and activities.
The Commonwealth’s courts seek to provide appropriate aids and services to qualified persons with disabilities so they can participate equally in the services, programs, or activities of the Judiciary. Requests should be made to the ADA Coordinator no later than 72 hours prior to the need for the accommodation.
The ADA does not require the Judiciary to take any action that would fundamentally alter the nature of its services, programs, or activities, or result in an undue financial or administrative burden.
The Judiciary has designated ADA Coordinators to coordinate its efforts to comply with the requirements of the Americans with Disabilities Act and other federal and state laws protecting the rights of people with disabilities. Inquiries, requests, and complaints that a program, service, or activity of a particular court is not accessible to persons with disabilities should be directed to one of the ADA Coordinators for that court.

 We note that when a litigant or other court user flags a potential disability-based need for accommodation, it would be a best practice for court personnel to direct that individual to the court’s ADA Coordinator.